

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*

_____

*Patricia McLane*                      *Suite 400*                         DIRECT: *410-209-4942*
*Assistant United States Attorney*     *36 S. Charles Street*              MAIN: *410-209-4800*
*Patricia.McLane@usdoj.gov*            *Baltimore, MD 21201-3119*          FAX: *410-962-0717*


November 16, 2023


Nwamaka C. Anowi, Office of the Clerk
U.S. Court of Appeals for the Fourth Circuit
Lewis F. Powell Jr. Courthouse & Annex
1100 East Main Street, Suite 501
Richmond, VA 23219

        Re:    <u>United States v. Paul Chance</u>, Appeal No. 15-4548 (4th Cir.)
                Notice of Supplemental Authority Under Fed. R. App. P. 28(j)

Dear Ms. Anowi:

        In advance of the oral argument set in the above-captioned matter on December 5, 2023, the Government writes to provide the following supplemental citation of authority pursuant to Fed. R. Crim. P. 28(j):

        In 2015, Mr. Chance was convicted of, inter alia, attempted Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a) (Count 8), and brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c) (Count 9), with the attempted Hobbs Act robbery in Count 8 serving as the predicate.

        When Mr. Chance filed his opening brief in 2020, he challenged the validity of his conviction under Count 9, but only on the grounds that it was not permitted under the First Step Act. The government responded that the First Step Act is not retroactive. The government stands by that argument.

        However, in 2022, the Supreme Court decided *United States v Taylor,* 142 S. Ct. 2015, and held that attempted Hobbs Act robbery is not a predicate crime of violence for purposes of 924(c). Departmental guidance provides that *Taylor* is applicable to cases on direct appeal. Therefore, to the extent this Court would find Chance has not forfeited the argument by failing to raise it in his opening brief, the government's position is that Mr. Chance's conviction on Count 9 should be vacated for resentencing in light of *Taylor*.

Very truly yours,

Erek L. Barron
United States Attorney

_____/s/_____

Patricia McLane
Assistant United States Attorney

cc:    Counsel of Record via CM/ECF